1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL K. CHESTANG,

11            Plaintiff,                    No. 2:12-cv-2064 GGH P

12        vs.

13   CALIFORNIA DEPT. OF
     CORRECTIONS AND
14   REHABILITATION, et al.

15            Defendants.                   ORDER

16   _____/

17            Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

19   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

20   § 636(b)(1).

21            On August 21, 2012, the court ordered plaintiff to pay the filing fee or to file a

22   request to proceed in forma pauperis.  See Doc. No. 3.  On September 12, 2012, plaintiff filed an

23   application to proceed in forma pauperis, as well as an amended complaint.  See Doc. Nos. 4, 5.

24   Because plaintiff's amended complaint supercedes his original, the court will proceed to screen

25   the amended complaint.

26   \\\\\

1

1      Plaintiff has submitted a declaration that makes the showing required by 28

2  U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

3      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

4  U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

5  in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

6  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

7  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

8  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

9  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

10  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

11  U.S.C. § 1915(b)(2).

12      The court is required to screen complaints brought by prisoners seeking relief

13  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

14  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

15  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

16  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

17  U.S.C. § 1915A(b)(1),(2).

18      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

20  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

21  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

22  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

23  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

24  Cir. 1989); Franklin, 745 F.2d at 1227.

25      A complaint must contain more than a "formulaic recitation of the elements of a

26  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

2

1    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

2    "The pleading must contain something more...than...a statement of facts that merely creates a

3    suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

4    Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

5    factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

6    v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

7    S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

8    the court to draw the reasonable inference that the defendant is liable for the misconduct

9    alleged."  Id.

10           In reviewing a complaint under this standard, the court must accept as true the

11   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

12   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

13   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

14   1843 (1969).

15                  Summary of Complaint

16           Plaintiff alleges that, on July 26, 2012, defendants California Department of

17   Corrections and Rehabilitation and Prison Industry Authority negligently issued to him prison

18   soap which contained a carcinogen, in violation of California state law.  Plaintiff alleges that he

19   "relied on the state (PIA) soap to clean him[self]."  Plaintiff claims that the soap was recalled on

20   July 29, 2012.  There is no information in the complaint about the number of times plaintiff used

21   the soap between July 26, 2012, when defendants issued the soap to plaintiff, and July 29, 2012,

22   when the soap was recalled.

23           Plaintiff claims that "the Toxic (PIA) soap reaching vital organs has caused an

24   unknown LONG TERM damage due to its IRREVERSABLE state" and that he now suffers

25   mental anguish because he relied on the state soap to clean himself.  Plaintiff claims that he has

26   suffered the following symptoms: "Frequent Urination, Nighttime Urination, Bone Aches,

1    Headaches, and Changing of the Skin.  Consistent with Bladder, Lung, Neorologic, and Muscular

2    Cancer."  Plaintiff alleges that he will suffer from "LONG TERM unknown damage due to the

3    negligence of the defendant supplying TOXIC soap...." and seeks damages of $500,000 and

4    compassionate release.

5                         Analysis

6                         *State Defendants*

7                         In his complaint plaintiff has named as defendants the California Department of

8    Corrections and Rehabilitation ("CDCR") and the Prison Industrial Authority ("PIA").  The

9    Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a

10   state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan,

11   440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa,

12   682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not

13   consented to suit.  Accordingly, plaintiff's claims for monetary damages against CDCR and the

14   PIA are frivolous and must be dismissed.

15                         *Exhaustion*

16                         Title 42 U.S.C. § 1997(e)(a) provides that "[n]o action shall be brought with

17   respect to prison conditions under section 1983 of this title, or any other Federal law, by a

18   prisoner confined in any jail, prison, or other correctional facility until such administrative

19   remedies as are available are exhausted."  See also Booth v. Churner, 532 U.S. 731, 741, 121

20   S.Ct. 1819, 1825 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought

21   and offered through administrative avenues.")

22                         On the current record, there is no indication that plaintiff has exhausted his

23   administrative remedies.  Indeed, it is not clear that plaintiff has had time to do so, as the

24   allegedly dangerous soap was recalled on July 29, 2012, and plaintiff filed his initial complaint

25   less than 10 days later, on August 7, 2012.

26   \\\\\

1    Plaintiff's complaint will be dismissed with leave to amend.  See 42 U.S.C.

2   § 1997e(c).  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

3   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

4   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

5   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

6   there is some affirmative link or connection between a defendant's actions and the claimed

7   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

8   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

9   vague and conclusory allegations of official participation in civil rights violations are not

10  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

12  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

13  complaint be complete in itself without reference to any prior pleading.  This is because, as a

14  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

15  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

16  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

17  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

18    *Motion to Supplement the Amended Complaint*

19    Plaintiff filed a motion to add one additional exhibit page to his amended

20  complaint.  See Doc. No. 7.  Because the court has now dismissed the amended complaint with

21  leave to amend, the court need not order that the supplementary page be added.  Instead, if

22  plaintiff chooses to amend his complaint as outlined in this order, he may include the

23  supplemental page in his second amended complaint.  The motion to supplement will be denied

24  as unnecessary.

25  \\\\\

26  \\\\\

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's motion to supplement his amended complaint (Doc. No. 7) is denied

3 as unnecessary;

4    2.  Plaintiff's request to proceed in forma pauperis (Doc. No. 6) is granted;

5    3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

6 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

7 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

8 Director of the California Department of Corrections and Rehabilitation filed concurrently

9 herewith.

10    4.  The complaint is dismissed for the reasons discussed above, with leave to file

11 an amended complaint within twenty-eight days from the date of service of this order.  Failure to

12 file an amended complaint will result in a recommendation that the action be dismissed.

13 DATED: November 8, 2012

14

15                         /s/ Gregory G. Hollows
                    UNITED STATES MAGISTRATE JUDGE

16

17
   ggh:rb/ches2064.B
18

19

20

21

22

23

24

25

26