IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL K. CHESTANG,

    Plaintiff,

vs.

CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.

    Defendants.

No. 2:12-cv-2064 AC P

ORDER

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis on his complaint seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. See ECF No. 4.

        On November 9, 2012, the court screened plaintiff's first amended complaint (ECF No. 5), and dismissed it with leave to amend. See ECF No. 8. In particular, the court found that plaintiff's claims against the California Department of Corrections and Rehabilitation ("CDCR") and Prison Industry Authority ("CAL PIA") were barred by the Eleventh Amendment. See id. at 4. The court further found that there was no indication that plaintiff had exhausted his administrative remedies. Id.

1

1 Plaintiff has now filed a second amended complaint ("2AC"). ECF No. 12. The 2AC does not cure the deficiencies raised in the court's November 9, 2012 order. Accordingly, the court will dismiss the 2AC with leave to amend the complaint within 30 days. No further amendments will be allowed.

*Summary of the Amended Complaint*

Plaintiff claims that he has been incarcerated for 19 years, and that in the last 2 to 3 years, has been forced to use PIA soap because he is indigent. See ECF No. 12 at 2. Plaintiff alleges that he must comply with state grooming regulations for inmates, or face being deemed a "program failure." Id. at 2-3. Plaintiff alleges that PIA soap "was discovered to possess an ingredient called (CARCINOGEN) which is a cancer forming agent." Id. at 3. On July 29, 2012, PIA issued a memorandum recalling the soap. Id. Plaintiff appears to allege that defendants knew that the soap was toxic before July 29, 2012. Id. at 4. Plaintiff claims that he currently suffers mental anguish, as well as symptoms "consistent with bladder, lung, neuralgic, and muscular cancer," including frequent urination, nighttime urination, muscular and bone aches, headaches, and changing of the skin. Id. at 5. Plaintiff also claims that he "will suffer from LONG TERM unknown damages which are IRREVERSIBLE due to the negligence of the defendant supplying TOXIC soap which contained an agent known as (CARCINOGEN) which is defined as a cause of Cancer." Id.

*State Defendants*

Plaintiff does not actually identify anywhere in the body of his complaint the parties whom he intends to name as defendants. The caption names two defendants in his action: CDCR and CAL PIA. As previously explained in the court's November 9, 2012 order, plaintiff's suit against these two defendants is barred by the Eleventh Amendment. ECF No. 8 at 4.

Plaintiff appears to allege that defendants consent to suit, based on the facts that CAL PIA issued the July 29, 2012 memorandum, that the warden at plaintiff's prison

2

acknowledged receipt of the memorandum, and that defendants' conduct was forbidden by the law. ECF No. 12 at 5-6; 7. While a state may waive its Eleventh Amendment immunity and consent to be sued in federal court, the state must give an "unequivocal indication" that it so consents. See Collins v. State of Alaska, 823 F.2d 329, 331-32 (9th Cir. 1987) (citations omitted). Such an indication may be found where (1) the state expressly consents; (2) a state statute of constitution so provides; or (3) Congress clearly intended to condition the state's participation in a program or activity on the state's waiver of immunity. Id. There is noting in the current record, or in the cases cited by plaintiff, to suggest that CDCR and CAL PIA have waived their immunity as required by circuit precedent.

*Exhaustion*

The court's prior screening order noted that plaintiff did not appear to have exhausted his administrative remedies. ECF No. 8 at 4. Plaintiff now alleges that he has exhausted all remedies because "defendant" has admitted to wrongdoing by issuing the July 29, 2012 memorandum. See ECF No. 12 at 6. While a plaintiff may be excused from exhausting his administrative remedies where such remedies are effectively unavailable, plaintiff has not made any allegation that, for example, he attempted to utilize the process and was somehow foreclosed through no fault of his own. See, e.g., Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010). Plaintiff also does not cite any authority in support of his argument that he has exhausted, nor is the court aware of any authority excusing plaintiff's compliance. Cf., e.g., Woodford v. Ngo, 548 U.S. 81, 89-90 (2006).

*Conclusion*

Plaintiff's second amended complaint will be dismissed with leave to amend. See 42 U.S.C. § 1997e(c). If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.

1  § 1983 unless there is some affirmative link or connection between a defendant's actions and the
2  claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633
3  F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
4  Furthermore, vague and conclusory allegations of official participation in civil rights violations
5  are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

6  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
7  order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
8  complaint be complete in itself without reference to any prior pleading. This is because, as a
9  general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375
10 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
11 longer serves any function in the case. Therefore, in an amended complaint, as in an original
12 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13 Accordingly, IT IS HEREBY ORDERED that the amended complaint (ECF No.
14 12) is dismissed for the reasons discussed above, with leave to file an amended complaint within
15 thirty (30) days from the date of service of this order. Failure to file an amended complaint will
16 result in a recommendation that the action be dismissed. No further amendments will be
17 allowed.

18 DATED: February 15, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/ches2064.B(2)