IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL K. CHESTANG,

     Plaintiff,                     No. 2:12-cv-2064 AC P

     vs.

CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.

     Defendants.           <u>ORDER</u>

         Plaintiff is a state prisoner proceeding pro se and in forma pauperis on his complaint seeking damages and injunctive relief pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. <u>See</u> ECF No. 4.

         On April 18, 2013, the court dismissed plaintiff's second amended complaint with prejudice for failure to state a claim upon which relief could be granted, and entered judgment. <u>See</u> Order, ECF No. 15; Judgment, ECF No. 16. On May 7, 2013, plaintiff constructively filed an untitled pleading which reads that he moves the Court for a Certificate of Appealability of this court's April 19, 2013 order. ECF No. 17. The caption for the untitled pleading includes a designation "IN THE NINTH CIR COURT OF APPEALS" as well as a Court of Appeals' case

1

number for another (unrelated) appeal filed by plaintiff, Chestang v. Yahoo, Inc., Case No. 13-15418. According to the Proof of Service, plaintiff served the motion on this court, and on the Court of Appeals for the Ninth Circuit.

In his untitled pleading, plaintiff disagrees with the court's April 18, 2013 order and judgment.

Fed. R. App. P. 3(c) provides that an appeal must not be dismissed for form or title of the notice of appeal. Under Rule 3(c), a court is required to broadly construe the notice of appeal provisions of Fed. R. App. P. 4(a), and has discretion, where the interests of substantive justice require it, to disregard irregularities in the form or procedure for filing a notice of appeal. See Portland Federal Employees Credit Union v. Cumis Ins. Soc., Inc., 894 F.2d 1101, 1103 (9th Cir. 1990), citing San Diego Committee Against Registration and the Draft (CARD) v. Governing Board, 790 F.2d 1471, 1474 (9th Cir. 1986).

In this case, plaintiff has filed with the district court within 30 days of this court's judgment a document seeking permission to appeal, and arguing that the court's judgment is incorrect. See Fed. R. App. P. 3(a) (notice of appeal should be filed with clerk of the district court); 4(a) (notice of appeal must be filed within 30 days after entry of judgment). As no defendants were ever served in the action, plaintiff was not required to serve any other parties in order to provide notice. The undersigned accordingly construes the May 9, 2013 motion for a certificate of appealability (ECF No. 17) as a notice of appeal, and directs the clerk to process the notice accordingly.

IT IS SO ORDERED.

DATED: May 21, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/ches2064.NOA